[Civ. No. 6055.   First Appellate District, Division Two.—December 9, 1927.]

CHARLES F. JOHNSON et al., Appellants, v. MARGARET GRANT et al., Respondents.

Harry S. Whitthorne for Appellants.

Alfred J. Hennessy for Respondents.

NOURSE, J.—Plaintiffs sued to quiet title and to set aside a trustee's deed on the grounds of fraud. Defendants had judgment, from which the plaintiffs have appealed upon a typewritten transcript.

On March 11, 1918, plaintiffs purchased from defendant Vanoch a piece of property situated in Daly City, San Mateo County, the purchase price of which was fixed at $3,000. One hundred dollars was paid at the time and the plaintiffs executed their promissory note secured by a trust deed for the payment of the balance at the rate of $25 a month and interest upon the deferred payments. This deed named the defendant Grant as trustee and the defendant Vanoch as beneficiary. It was duly recorded and payments made as called for therein until February 9, 1921, at which time the plaintiffs were in default, in principal and interest, in the sum of $150. This amount was paid on March 13, 1921, but on August 28, 1921, the plaintiffs were again in default, owing $150 on the principal and $89.50 in interest. At this time the defendant Vanoch caused to be recorded in the office of the county recorder a notice of default and election to sell. Notice of sale was given by publication and posting and a sale of the property was had at public auction on January 14, 1922, from the steps of the city hall at Daly City, at which time, no bidders appearing, the property was sold to defendant Vanoch for the sum of $500. On February 4, 1922, said defendant executed and delivered a deed of gift of the property to the defendant Grant. During all this time the plaintiffs lived on the premises and after the transfers above noted they remained upon the premises paying to defendant Grant the sum of $25 per month which she claimed was done in accordance with an arrangement with the plaintiffs that these payments should be accepted as monthly rentals. This arrangement continued until June, 1922, when plaintiffs engaged one Sheehan as their agent for the purpose of making these monthly payments to the defendant Grant, and in accordance with this arrangement payments were made by Sheehan monthly from June, 1922, until July,

1923, and in each case receipts were given by Sheehan to plaintiffs acknowledging such payments as rentals and accepted by them without protest. On July 1, 1923, the plaintiffs ceased to make any payments for the use of the premises and some months thereafter plaintiff Charles F. Johnson took fourteen of these rent receipts to Sheehan and had him alter them by striking out the word "rent" and inserting the word "payments."

On this appeal the appellants attack the judgment on the ground that this trustee's sale was void because publication thereof was not made in a newspaper published in the township in which Daly City is located; because the sale, although purporting to have been made to the beneficiary for the consideration represented by the indebtedness due her, was in effect made to the trustee herself; and because the trustee did not publicly announce the sale and call for bids. In addition to this appellants assert that fifteen of the trial court's findings are not sustained by the evidence, but none of the evidence is printed and no argument is made in support of this claim.

The respondents have met each attack made by the appellants and have argued that notwithstanding any claim of irregularities in the proceeding leading up to the sale, the appellants are estopped from attacking the title of the respondent Grant by their action in accepting and acknowledging her as the owner of the property from the first day of February, 1922; by agreeing to continue to occupy the premises as tenants; and by paying the respondent Grant monthly rentals therefor. The trial court found that the appellants ratified the sale and attorned to respondent Vanoch on February 1, 1922, and did the same in respect to respondent Grant on March 1, 1922, and continued to pay rent either personally or through their agent to respondent Grant until July 1, 1923.

The notice of sale was published in the "Redwood City Democrat," a newspaper which the trial court found to be one of general circulation in the county of San Mateo. This was sufficient under section 692 of the Code of Civil Procedure, unless a newspaper of general circulation was printed and published in the city and township in which the property was situated· There was no showing that any paper was printed or published in that city or town-

ship and the finding of due publication is, therefore, not open to attack.

The trial court found upon competent evidence that the sale was made to the beneficiary for the consideration of $500. As this sum, and much more, was due her under the deed of trust a good consideration passed and the fact that the beneficiary was not personally present at the time and place of sale, but was represented by an agent, is not evidence of either fraud or collusion between the trustee and the beneficiary.

Appellants argue that the trustee's sale was void because she did not make public outcry in announcing the sale and calling for bids. This is a matter which was not put in issue, the only claim of invalidity pleaded being the want of proper publication and posting of the notice of sale. Upon the issues raised the recitals in the deed that the trustee exposed the property for sale at public auction to the highest bidder are sufficient to support the finding that the sale was fairly and legally conducted.

We are not required to examine any of the fifteen findings which are attacked merely by the statement that they are not supported by the evidence. (*McGee* v. *Hoffman*, 46 Cal. App. 508, 570 [189 Pac. 298].)

We should say, however, that the finding that the appellants ratified the sale and acknowledged respondents' title by accepting them as landlords and paying them rent for the premises over a period of about two years is supported by competent evidence, as is the conclusion that the appellants, by their own fraud, practiced upon the court and upon the respondents, are not in equity with clean hands.

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.