[L. A. No. 14249.  In Bank.—December 11, 1933.]

ZAIDA GURY, Respondent, v. CHESTER GURY,
Appellant.

Hugh G. Maddox for Appellant.

Charles E. Hobart for Respondent.

PRESTON, J.—In this cause, after prolonged hearings upon a motion styled "motion to modify interlocutory decree permitting plaintiff to visit and have the minor children", the court made its order authorizing plaintiff wife to have with her the two minor children of these parties, properly clothed and equipped, on stated occasions, to wit: on each first and third Saturday and Sunday of the month; one month during vacation each year and alternate holidays. Defendant appealed. Despite the title of plaintiff's motion, it was not in reality an attempt to modify the decree or change the custody of said children, but was in effect a proceeding to compel appellant to comply with certain terms of said interlocutory decree and the property settlement therein incorporated.

The interlocutory decree of divorce in favor of plaintiff was entered July 2, 1928; final decree October 29, 1931. The interlocutory decree, among other things, awarded custody of the two minor children to appellant, but it also approved, and by reference incorporated, a property settlement agreement which, in providing for appellant to have custody of said children, reserved to plaintiff the right to "take one or both" of them "upon due notice and by agreement of the parties" and "to visit said children". Efforts of plaintiff to exercise this latter right without undue interference on the part of appellant resulted in numberless, indeed continual, controversies (see in this connection *In re Gury*, 103 Cal. App. 738 [284 Pac. 944]). Plaintiff therefore instituted this proceeding to invoke the aid of the court to provide a working arrangement for enforcement of her right to see the children under harmonious conditions. There is,

therefore, no substance in appellant's several contentions based upon the theory that to modify a decree determining the fitness of parties to have the custody and care of minor children, it is necessary to show a change of conditions subsequent to entry of the decree.

The voluminous evidence before us abundantly supports the action of the court below. Although the interlocutory decree adjudged that plaintiff was not a fit and proper person to have custody and control of said children, this provision appears to have crept into the record through inadvertence. An effort of the trial judge to correct it by filing amended findings and an amended decree proved futile (*Gury* v. *Gury*, 114 Cal. App. 460 [300 Pac. 81]). In fairness to plaintiff we should say that if it had been necessary for her to show a changed or proper character and fitness, the evidence would leave no doubt of the success of such endeavor. It establishes that her conduct at all times was exemplary, above reproach, and that she is in every respect a fit and proper person to visit and associate with her minor children in the manner decreed by the order of the court.

Appellant complains that the Honorable Charles B. MacCoy, Judge of the Municipal Court of the City of Los Angeles, sitting by assignment in the superior court to try and determine this cause, was without jurisdiction to make said order, having permitted the cause to be put off calendar for some ten months and to be thereafter transferred from the Los Angeles to the Long Beach department of said superior court, where he resumed the hearing, his assignment to the superior court having meanwhile expired. The facts with reference to this situation are:

In March, 1932, plaintiff's motion came on for hearing before Judge MacCoy. On March 1st, 2d, 3d, 4th and 12th, evidence was taken. The hearing was continued from time to time until April 27th when the cause was "ordered off calendar to be restored on motion of either party". On May 4th, before Judge MacCoy, further hearing was, on motion of plaintiff, set for May 12th, on which date the cause was again ordered "off calendar". On October 7, 1932, appellant filed a substitution of attorneys and thereafter, upon due notice, the hearing was set for November 9th, at which time Judge MacCoy, at appellant's request, continued it to December 12th. On November 14th Judge McComb, sitting

in said superior court, heard and granted a motion of appellant to transfer the cause to Long Beach. On January 6, 1933, counsel stipulated that "further hearing on the order to show cause, heretofore partially heard by Honorable Charles B. MacCoy, Judge Presiding, and now set for January 9, 1933 . . . be continued to the 24th day of January, 1933. . . . Notice of the continuance of the above mentioned hearing is hereby waived."

On said stipulated date, January 24th, counsel for both parties being present, the court ordered the hearing to proceed over vigorous objections of appellant's attorney to the effect that the cause had not properly reached a place on the calendar and notice of trial had not been served as required by statute. Nevertheless, additional evidence was received on said day and also on January 27th, when the matter was concluded by a ruling from the bench which was transmuted into the formal order of February 1, 1933.

The trial court was not in error in ordering the hearing to proceed on January 24th. The assignment of the Judicial Council conferred upon Judge MacCoy authority to act in the said superior court and its several departments not only during the calendar year 1932, but thereafter until all matters heard, or partially heard, or submitted to him had been disposed of. After partially hearing the instant cause in March, 1932, it was his duty, under said assignment, to complete it. The fact that the matter was permitted to go off calendar after partial hearing did not deprive said judge of jurisdiction to thereafter restore it to the calendar and finally hear and determine it.     Nor may appellant complain that proper notice was not given after the transfer to Long Beach. This transfer was effected at appellant's own request. Furthermore, by the stipulation above quoted, notice of continuance of the hearing was expressly waived. Lastly, appellant was in court with his counsel when the case was called on January 24th; he had every opportunity to produce such evidence as he desired and it clearly appears that he was not prejudiced in any manner.

The order is affirmed.

Curtis, J., Waste, C. J., Seawell, J., Thompson, J., Shenk, J., and Langdon, J., concurred.

Rehearing denied.