[L. A. No. 16650. In Bank.—October 24, 1938.]

BARBARA STANWYCK FAY, Appellant, v. FRANK FAY, Respondent.

Charles W. Cradick, Dailey S. Stafford and Verle N. Fry for Appellant.

Hy Schwartz, Philip Stein and N. Stanley Levine for Respondent.

THE COURT.—This proceeding concerns the custodial status of Dion Anthony Fay, born February 5, 1932, and adopted in December of the same year by these parties, plaintiff Barbara Stanwyck Fay and defendant Frank Fay. In the fall of 1935, after about seven years of marriage, plaintiff and defendant separated, and on December 30, 1935, plaintiff obtained an interlocutory decree of divorce from defendant. This decree gave plaintiff the custody of the minor, with the provision that defendant should have "the right to visit with said child at such reasonable times and places as the parties hereto may agree from time to time, and subject to the further order of this court upon proper application therefor". The provision was carried into the final decree of divorce entered on January 2, 1937.

On December 3, 1937, defendant initiated the present proceeding by filing an affidavit wherein he averred that he had been denied his right to visit with the minor and prayed that the court fix definite dates and times for visitation when he might see and have the child. On the basis of this affidavit the court issued an order requiring plaintiff to show cause why the custodial provision of the divorce decree should not be modified. Later, as a precedural safeguard, defendant gave notice that he would move for modification of the decree. Thereafter the order to show cause and the motion came on for hearing together. Counsel for plaintiff objected to proceeding on the ground that the moving papers and affidavit of defendant failed to show any change of conditions subsequent to entry of the decree which, for the welfare of the child, would require that a different order be entered. This objection was overruled and a prolonged hearing was had. At the conclusion of the hearing, on January 14, 1938, the trial court ordered that plaintiff's custody be subject to the right of defendant to visit with the child every other Saturday, and on Tuesday and Thursday afternoons. The order provided, "On Tuesdays and Thursdays the defendant shall call for and visit with said minor child at its residence and if defendant on said days takes the child from its residence he shall bring the child back not later than 5:30 p. m. of said days. On Saturdays the plaintiff, or the child's nurse, or other person directed by plaintiff, shall bring the child to the home of the defendant at 10:00 o'clock a. m. and at 5:00 p. m. of such days shall take the child back to its home;

that on the days of visitation . . . during the hours as herein provided, the child shall be under the control of the defendant. The defendant shall at all times when with said child refrain from partaking of and shall not be under the influence of intoxicating liquors. The custody and right of visitation is subject to the further order of the court upon proper application therefor." Plaintiff appealed from this order. Defendant has moved to dismiss the appeal or to affirm the order. The cause is also under submission on the merits.

■ No substantial question is presented by the appeal. The evidence shows that defendant's efforts to exercise the right of visitation accorded him by the divorce decree were rendered futile by reason of the conduct of plaintiff. Plaintiff not only refused to agree to any reasonable time or place for visiting, but she denied defendant any opportunity at all to see the child, and even made it difficult for defendant to reach him by telephone. In fact, at the time of the hearing defendant had not seen the child for about a year and four months. In this situation it was proper for defendant to invoke the aid of the court to provide a working arrangement for enforcement of his right of visitation under harmonious conditions, and it was not necessary, in order to secure this modification of the custodial provision, to show a change of conditions subsequent to entry of the divorce decree. (*Gury* v. *Gury*, 219 Cal. 506 [27 Pac. (2d) 758].)

■ Upon the hearing plaintiff offered evidence of wrongful conduct on the part of defendant, of his addiction to the use of intoxicants, and of indiscretions committed by him when under that influence. This proof was not accepted by the trial court as establishing that defendant was not a fit person to visit with his child. Its only effect was to create a conflict of evidence which the trial court was warranted in resolving in defendant's favor. Defendant himself testified that he had not had intoxicating liquor since November, 1936, nor, save for that one occasion, during a long period prior thereto. He stated that he did not drink; that he included beer as an intoxicating liquor; and that he did not even drink cider. Questioned by the court, he admitted that he had been in the habit of drinking intoxicating liquor, at times to excess, but he stated that in the year prior to the hearing he had not had a drop of liquor. ■ Moreover, although defendant was using intoxicants during the period prior to his separa-

tion from plaintiff, she did not consider at that time that the habit rendered him unfit to visit with the child for on October 10, 1935, she entered into a property settlement agreement which provided that so long as defendant resided in the vicinity of Los Angeles the child would be taken to visit with him at least one day in each week. At the time of entry of the divorce decree on December 30, 1935, defendant was also adjudged to be a fit person to have custody of the child for periodical visits at reasonable times and places. If in plaintiff's opinion conditions with respect to defendant's fitness, or the demands of the child's welfare, changed subsequent to entry of the divorce decree, then plaintiff's remedy was to bring the matter before the court and secure a revocation of that portion of the custodial provision giving defendant the right of visitation. Plaintiff never sought this relief but contented herself with making it virtually impossible for defendant to exercise his right to see the child. Consequently in this proceeding by defendant to enforce his right under the existing custodial provision, plaintiff was in no position to complain that apparently the burden of proving that the right should be revoked was placed upon her.

There is no foundation for plaintiff's assertion that the record indicates that the pleasure of defendant and not the welfare of the child prompted the court's rulings. The following remarks, among others made by the court, indicate that the child's welfare was uppermost in his thought: "The issue before the court is what the condition of this child is. . . . I am not concerned primarily with the individuals; it is the welfare of the child; where does the child live now; what kind of a life does he have, and what does the father do, what kind of a man is he; should he see the child and so forth; let us get right to the heart of the issue." There is ample evidence to support the court's view that the welfare of the child will not be endangered by visits with defendant, particularly in view of the explicit limitations imposed by the order and its requirement that defendant be sober at all times when with the child. Then, too, the custody and right of visitation is subject to the further order of the court upon proper application therefor.

An application for modification of an award of custody is addressed to the sound legal discretion of the trial

court. (*Foster* v. *Foster,* 8 Cal. (2d) 719 [68 Pac. (2d) 719].) The record here contains no showing of abuse of discretion.

The order is affirmed.