[Civ. No. 16828. Second Dist., Div. Three. Sept. 30, 1949.]

IRENEO ROTEA, Respondent, v. TERESA ROTEA, Appellant.

Claude A. Watson, Edward P. Hart and Henry F. Walker for Appellant.

Willedd Andrews for Respondent.

WOOD, J.—Action to quiet title to an undivided one-half interest in a house and lot. Defendant appeals from the judgment in favor of plaintiff.

Ireneo Rotea, the plaintiff, who is a brother of Tiburcio Rotea, claimed title under a quitclaim deed executed by Tiburcio. Teresa Rotea, the defendant, who was formerly the wife of Tiburcio Rotea, claimed title under a divorce decree which awarded the property to her. Prior to the time Teresa and Tiburcio were married she had entered into a contract for the purchase of the property here involved, and at the time of the marriage she had paid about $1,100 on the purchase price but at said time the payments under the contract were in default to the extent of approximately $300. After the marriage the said arrearage under the contract, and also certain improvements on the property, were paid from the earnings of Tiburcio. Thereafter, in 1934, the property was conveyed by grant deed to Teresa and Tiburcio as joint tenants. In September, 1946, she commenced a divorce action, upon the ground of extreme cruelty, and alleged that the property involved here was community property, and she asked that it be awarded to her. Tiburcio answered, denying that it was community property; and he filed a cross-complaint alleging that the property was held by them in joint tenancy, and he asked for an equal division of the property. She answered the cross-complaint and alleged that it was her separate property. This reference to those pleadings is for the purpose of indicating that the divorce action presented questions as to the character and ownership of the property involved here.

The plaintiff, Ireneo, lived at the home of Tiburcio and Teresa (the property involved here) during 1945 and 1946, and he lived in said house thereafter until the trial of this quiet title action was commenced (Mar. 24, 1948). On August 30, 1947, Tiburcio delivered to Ireneo a quitclaim deed, whereby Tiburcio quitclaimed to Ireneo an undivided one-half interest in said property. The deed recited that the consideration for it was $1,500. Ireneo testified that he paid medical bills, alimony payments, attorney's fees and costs for Tiburcio amounting to $997, and that he had paid other bills for his brother amounting to approximately $700; and that these payments were the consideration for the deed. The divorce case was tried on December 9, 1947, and on said day an interlocutory judgment of divorce was awarded to Teresa. That judgment became final before the commencement of this quiet title action on January 23, 1948. The judgment in the divorce action recited, in part, as follows:

". . . the defendant having stipulated and consented in open court to a partition of the real property hereinafter described, and said defendant having stipulated and consented to the award by the court of said real property, upon the condition that the plaintiff pay to the defendant the sum of $1500.00, the court having received and approved said stipulation and consent. IT IS THEREFORE . . . DECREED that the real property [property involved here] . . . is hereby awarded to the plaintiff, Teresa Rotea, upon the condition that the plaintiff pay to the defendant, Tiburcio Rotea, the sum of $1500.00 on or before February 9, 1948. IT IS FURTHER . . . DECREED that upon the payment of said $1500.00 by the plaintiff to the defendant, the defendant shall cause to be delivered to the plaintiff any . . . documents which may be necessary to vest title of said real property in the name of the plaintiff . . .. IT IS FURTHER . . . DECREED that the defendant vacate said real property on or before February 9, 1948, and surrender to the plaintiff possession of said real property together with the keys thereto on or before February 9, 1948.''

The time for payment of the $1,500 was extended by the court, permission was granted to deposit said amount with the clerk of the court, and said amount was so deposited on March 25, 1948.

As above stated, respondent herein (Ireneo) relies upon his quitclaim deed as the basis for the judgment which was in his favor. He argues that, since the property had been conveyed to Tiburcio and Teresa in joint tenancy, the property was held by them in joint tenancy, and the court did not have power in the divorce action to make an award of such property; and that he is not bound by the judgment therein because he was not a party to that action.

Appellant contends that since the divorce decree had become final it was a determination of the matter of title as between her (Teresa) and Tiburcio; that since the divorce action involved issues as to whether the property was separate or community or joint tenancy property, and since findings in the divorce action were waived, and since all intendments are in favor of the judgment therein, it is to be assumed that the trial court in the divorce action found that it was community property. It is also contended that Ireneo took his deed with notice of the divorce action and subject to the judgment therein; that since no invalidity of the divorce de-

cree appears upon its face, that decree cannot be attacked in this proceeding.

Ireneo testified that in September, 1946, after the divorce papers had been served on Tiburcio, he (Tiburcio) told him that if he would help Tiburcio pay all the expenses, the attorney's fees, and the costs, he (Tiburcio) would "sign his half interest in the place" to Ireneo in repayment of these amounts and other amounts which he had previously paid for him; that he (Ireneo) paid those bills; that he received the quitclaim deed on August 30, 1947, and he lived in the house from that time until the day the trial of the present action commenced (Mar. 24, 1948); that he did not leave the place voluntarily, but the sheriff told him on that morning that he was taking possession of the property under a writ issued in the divorce case; that in 1946 he was in the business of helping Mexicans to become American citizens, and that he was paid by those whom he helped; that he was present in court at proceedings in the divorce case in November, 1946, in June, 1947, and in October, 1947; and that, in connection with proceedings in the divorce case, he was in the corridor outside the courtroom in September, 1947, and on the 8th and 9th days of December, 1947. He also testified that he retained and paid the attorney who represented Tiburcio in the divorce case.

Tiburcio corroborated Ireneo's testimony regarding the payments and the deed. He also testified that he had been sick and unable to work since September, 1947.

A representative of Tiburcio's employer testified that the employer paid Tiburcio as follows: $2,407.34 in 1945; $1,971.57 in 1946; and $2,646.28 in 1947 (to Sept. 29th).

Teresa testified that Ireneo lived at the home of Teresa and Tiburcio during 1945 and 1946; and that during that time he was not employed and he was supported by Tiburcio.

It is undisputed that for approximately a year before Ireneo received his quitclaim deed he had actual knowledge of the pendency of the divorce action. Before he received his deed he had employed the attorney for Tiburcio and had attended court proceedings in the divorce action. The burden was upon Ireneo to establish his status of bona fide purchaser without notice of Teresa's claim that the property should be awarded to her. (See McLane v. Storr, 75 Cal. App. 2d 459, 464 [171 P.2d 534].) There was no finding that Ireneo was a bona fide purchaser without such notice.

■ The court did find "that the claims referred to in the Answer of the defendant are not true." One of the allegations of the answer was that "plaintiff received a deed from said Tiburcio Rotea with full knowledge of defendant's claim that said property was community property and without the consent or permission or signature of defendant herein." It therefore appears that the court did find that it was not true that Ireneo received a deed from Tiburcio with full knowledge of defendant's claim that said property was community property. Such a finding is not an adequate finding as to whether Ireneo was a bona fide purchaser. In *Olson* v. *Cornwell*, 134 Cal.App. 419, it was said at page 429 [25 P.2d 879] : "[I]f there is evidence upon the question of constructive notice it is not sufficient to find merely that a defendant had no actual notice of the existence of an unrecorded instrument, but the court must also find upon the question of constructive notice; otherwise the judgment in favor of a defendant cannot be sustained." ■ A finding that Ireneo was a bona fide purchaser would not have been sustained by the evidence. He did not testify that he did not have knowledge, before he received his deed, that she was claiming the property. He took his quitclaim deed from Tiburcio subject to the judgment thereafter to be rendered in the divorce action. The interlocutory decree of divorce states that Tiburcio stipulated and consented to a partition and award of the real property by the court upon the condition that Teresa pay Tiburcio $1,500. By the decree therein, upon such stipulation and consent, the property was awarded to Teresa upon said condition. Although the condition was not complied with in the time stated in the decree, the time for compliance was extended and the $1,500 was deposited in court. That decree became final before this action was commenced. The title to the property here involved, as between Teresa and Tiburcio, was determined finally by that decree. Ireneo's quitclaim deed was subject to the final judgment therein that the property was awarded to Teresa. He was not a bona fide purchaser without notice of her claim that the property should be awarded to her.

■ As stated in *McGee* v. *Hoffman*, 46 Cal.App. 508 at page 511 [189 P. 298] : "This interlocutory decree cannot be attacked in this proceeding unless its invalidity is apparent upon its face." It does not appear from the face of the divorce decree, or at all, that there is any invalidity therein.

Respondent asserts that the trial court in the divorce action did not have power to award the property, even to Teresa, because the property was in joint tenancy. Even though the title to real property is acquired under a joint tenancy deed, it may be shown by parol evidence that the property is in fact community property. (*Huber* v. *Huber*, 27 Cal.2d 784, 788 [167 P.2d 708].) As above stated, the pleadings in the divorce action presented the issue as to whether the property here involved was community property. As above shown, Tiburcio and Teresa stipulated in the divorce action that the court therein might award the property to plaintiff upon the condition that plaintiff pay $1,500 to defendant.

Ireneo, by reason of his quitclaim deed from Tiburcio, stands in the same position with reference to the title to the property that Tiburcio would have stood in if he had not made the quitclaim deed. According to the provisions of the judgment in the divorce action, Tiburcio has a lien upon the property in the amount of $1,500. That amount has been deposited by Teresa with the clerk of the superior court, but the record on appeal does not show upon what conditions it was deposited. The judgment in the present action, that Ireneo is now and since August 30, 1947, has been the owner of and entitled to the possession of an undivided one-half interest in said real property involved herein, should be reversed; and further proceedings should be had in the superior court, not inconsistent with the views expressed in this opinion, quieting the title to said property, and determining the issue as to whom the $1,500 is payable if said amount has not been paid, and determining the issue as to who has a lien upon the property to secure the payment of said amount if said amount has not been paid.

The purported appeal from the order denying the motion for a new trial is dismissed. The judgment is reversed, with the direction that further proceedings be had in the superior court, not inconsistent with the views expressed herein, determining the issues involved.

Shinn, P. J., and Vallée, J., concurred.