[Civ. No. 18199.   Second Dist., Div. Two.   Apr. 5, 1951.]

VEVIA C. WILLIAMS, Appellant, v. WILLIAM
CLARENCE WILLIAMS, Respondent.

Gladys Towles Root for Appellant.

Maurice Rose and Albert L. Zook for Respondent.

McCOMB, J.—Plaintiff appeals from (1) that portion of an interlocutory decree of divorce which awards community property to defendant and grants defendant the right to visit and have possession of the minor children of the parties on alternate weekends, and (2) an order of the trial court modifying the interlocutory decree of divorce by granting plaintiff $1.00 per month for her maintenance and support instead of $100 per month as originally awarded in the interlocutory decree of divorce.

### 1. Interlocutory Decree of Divorce.

██ *(a) Did the trial court err in dividing the community property between the parties?*

*No.* When a divorce is granted on the ground of extreme cruelty the innocent party must be awarded more than one half of the community property. (*Tipton* v. *Tipton,* 209 Cal. 443, 444 [288 P. 65]; *Gaeta* v. *Gaeta,* 102 Cal.App.2d 87, 88 [226 P.2d 619].)

██ In the instant case the community property was of the value of $23,850. Of this plaintiff was awarded property of the value of approximately $13,200 and defendant was awarded property of the value of approximately $10,650.

██ In the absence of an abuse of discretion the decision of the trial judge as to the division of community property is final. (*Cunha* v. *Cunha,* 8 Cal.App.2d 413, 416 [48 P.2d 130].) ██ In view of the division made it cannot be said that there was an abuse of discretion.

██ *(b) Did the trial court err in providing in the interlocutory decree of divorce that defendant had the right to visit the minor children of the parties and to award their custody to him on alternate weekends?*

*No.* It is within the power of the trial court in making disposition of minor children of divorced parents to award the care, custody and control thereof to either the innocent

or offending party when the decree is granted upon the ground of extreme cruelty. (*In re DeLeon*, 70 Cal.App. 1, 6 [232 P. 738].)

■ Clearly since the trial court had authority to award the complete custody of the children to defendant, it had the authority to decree that defendant might visit the children and have their custody on alternate weekends.

*2. Order Modifying the Interlocutory Decree as to Amount of Plaintiff's Alimony.*

■ *Did the trial court err in reducing the amount of alimony awarded to plaintiff from $100 per month to $1.00 per month?*

*No.* The evidence disclosed that after the trial plaintiff removed the minor children of the parties from the state so that defendant could not have the opportunity of visiting his children and having their custody on alternate weekends. Therefore the trial court in endeavoring to have plaintiff comply with the provisions of the interlocutory decree properly reduced the amount of alimony she was to receive. (*Fay v. Fay*, 12 Cal.2d 279, 282 [83 P.2d 716] ; cf. *Gury v. Gury*, 219 Cal. 506, 507 [27 P.2d 758].)

It thus appears that the trial court did not abuse its discretion in making the order here questioned.

Affirmed.

Moore, P. J., and Wilson, J., concurred.