[Civ. No. 21457. Second Dist., Div. Two. June 15, 1956.]

EGMONT A. TISCHHAUSER, Respondent, v. MARY A. TISCHHAUSER, Appellant.

W. P. Smith and William H. Abrams for Appellant.

George E. Danielson for Respondent.

MOORE, P. J.—Appeal from an interlocutory decree of divorce. Appellant contends that the trial court exceeded its jurisdiction by ruling on and dividing real and personal property located outside the boundaries of California; in making a present disposition of the property rights of the parties, and in failing to award the wife at least one-half of the community property since she was awarded the decree on the grounds of extreme cruelty.

Appellant and respondent were married April 19, 1936, at Yuma, Arizona. They separated on January 8, 1954. No children. The property of the parties consisted of a ranch in Oregon worth $64,000; 190 head of sheep worth $1,900; a new crop of 190 lambs of indeterminate value; a new crop of rye-grass on the ranch of no appraised value; a cashier's check in the possession of appellant of the value of $13,000; an additional cashier's check in the possession of appellant of the value of $20,964.92; a dry-cleaning plant in Los Angeles worth $16,500; lease and utility deposits of the value of $695; operating capital at the dry-cleaning plant in the sum of $700; American Telephone and Telegraph stock and debentures worth $11,875; certain furniture and furnishings in the possession of both parties of no ascertained value. All this property was bought with community funds with the exception of $27,000 which Mr. Tischhauser commingled with the community, but makes no claim thereto as separate property.

By the interlocutory decree, the trial court found that $8,000 of the $13,000 cashier's check in the possession of appellant was her separate property and that all other assets were community property. Appellant was awarded the ranch; the sheep; $5,000 of the $13,000 cashier's check; the new crop of rye-grass; the furniture and fixtures in her possession. The total of her award was $70,900 which was reduced by the amount of the lien on the ranch in the sum of $11,535.08, making her net award $59,364.92. On top of this, she was allowed $100 a month as alimony.

The total value of the community estate was $122,409.92. The attorney's fees and court costs amounted to $6,095 and were paid out of community property, leaving a net community of $116,314.92. Appellant's net award was $59,364.92, leaving a balance of less than one half, or $56,950 for respondent.

Appellant contends that the court erred in fixing the nature and status of the Oregon properties; that a California court cannot make a decree which will operate to change title to real or personal property beyond the territorial limits of this state, citing *Taylor* v. *Taylor*, 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074]; *Abelleira* v. *District Court of Appeal*, 17 Cal. 2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]; and *Title Ins. & Trust Co.* v. *California Dev. Co.*, 171 Cal. 173 [152 P. 542]. Such authorities are all distinguishable on their facts from the case at bar. They are all based upon the established principle that where the court does not have personal jurisdiction over one of the parties, it cannot compel conveyance of real property situate outside the state.

In the instant controversy, the trial court had jurisdiction over both parties and because they both submitted their differences to it, the court properly disposed of all issues. In such situation, the court can require the parties to execute conveyances of real or movable property in a foreign state to insure a complete determination of the controversy in litigation. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754, 760 [146 P.2d 905].) "Such a decree does not operate directly upon the property nor affect the title. The decree is made effectual through the coercion of the parties by directing some action on their part. . . . If the court has the power to order a party to convey land outside the state, it follows that upon his failure to do so the court has power to enforce its order by directing the clerk to execute the conveyance." (*Chamberlain* v. *Wakefield*, 95 Cal.App.2d 280, 292 [213 P.2d 62].) This principle is recognized even in the cases cited by appellant as in the case of Taylor, *supra*, page 76, where the court declared that by means of its power over the parties, it may compel them to act in relation to property not within the jurisdiction of the court. (See *Launer* v. *Griffen*, 60 Cal. App.2d 659, 666 [141 P.2d 236].)

The judgment herein purports to make an immediate disposition of the Oregon properties, but it also provides "that each of the parties hereto upon request shall execute, acknowl-

edge and deliver to the other his or her heirs, assigns or other representatives any and all deeds, releases, bills of sale or instruments which now or hereafter be necessary to carry out and execute the provisions of this judgment.''

This language, read in the light of the other provisions of the judgment, was sufficient to require respondent to execute a deed conveying to appellant the Oregon ranch as her separate property.

Appellant contends that the trial court erred in holding that the land and cashier's checks were community property; that respondent placed the ranch property in a status other than community property or in one of joint tenancy and therefore, the court could not hold that the property was community.

At respondent's behest and without knowledge or consent of appellant wife, the title to the ranch was placed in the spouses as tenants by the entirety, a common law estate recognized by Oregon law, one which does not exist in California. (*Swan* v. *Walden,* 156 Cal. 195 [103 P. 931, 134 Am.St.Rep. 118, 20 Ann.Cas. 194].)

The proof is that the entire property was purchased with community funds; that the respondent alone changed the form of the deed; that the purpose was not to take the property out of the community and that there was no agreement between the parties so to change the character of the title of the property. ■ Community property does not lose its character as such merely by reason of change of form of title. ■ A property purchased with community funds remains community property unless the spouses expressly or impliedly agree to a change of its status. ■ In the absence of a contrary agreement, if spouses in this state use community funds to purchase real property situate in another state, that property is regarded in law as community property. (*Tomaier* v. *Tomaier, supra,* p. 759.) ■ Moreover, evidence may be admitted to prove that real property is community property even though title has been acquired under a deed executed in a form that ordinarily creates in the grantee a common law estate. (*Tomaier* v. *Tomaier, supra; Rotea* v. *Rotea,* 93 Cal.App.2d 827, 833 [209 P.2d 963] ; *Schindler* v. *Schindler,* 126 Cal.App.2d 597, 602 [272 P.2d 566].) ■ A finding that certain property owned by a married person is separate or community is a finding of an ultimate fact, but the evidence from which this ultimate fact is derived need not itself be found. (*Estate of Cummins,* 130 Cal.App.2d 821, 831 [280

P.2d 128].) ▮▮▮ The appellate court does not weigh conflicting evidence if there is substantial evidence to support the conclusion reached by the trial court. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

▮▮▮ The contention is made that the trial court erred in not giving appellant at least one half of the community property inasmuch as she was awarded a decree on the grounds of extreme cruelty. Such contention is based upon her assumption that the trial court erred in its determination of the character of the community property. But as demonstrated above, no such error existed. Appellant was awarded $59,364.92, whereas respondent received only $56,950 in value of the community estate, less than half of the community property. This is in compliance with the decisions that announce the law of this state. (*Tipton* v. *Tipton,* 209 Cal. 443, 444 [288 P. 65]; *Williams* v. *Williams,* 103 Cal.App.2d 276 [229 P.2d 830]; *Nelson* v. *Nelson,* 100 Cal.App.2d 348, 350 [223 P.2d 636]; *Shapiro* v. *Shapiro,* 127 Cal.App. 20, 27 [14 P.2d 1058].) Appellant is really making no contention contrary to the above. She has assumed, and appeals her case on the theory that the trial court's action in disposing of the Oregon properties is void for lack of jurisdiction to make a judgment affecting them. That is disposed of above.

As to the contention that the trial court should not have attempted to make an immediate and final division of the community property in the interlocutory decree, it will avail nothing to enter into a discussion of that subject for the reason that more than one year has elapsed since the entry of the interlocutory decree which is not to be modified as a result of this decision. Therefore, its provisions with respect to the disposition of the property may now be carried forward into the final decree. (See *Johnston* v. *Johnston,* 106 Cal. App.2d 775, 781-782 [236 P.2d 212]; *Davis* v. *Davis,* 123 Cal. App.2d 753, 756 [267 P.2d 403].)

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.