STEVENSON, J.
 

 Republic Credit Corporation I (“Republic”) appeals a final judgment entered in favor of Robert and Elizabeth Upshaw wherein the trial court determined that the proceeds derived from the Upshaws’ sale of their California home constituted tenancy by the entireties property not subject to attachment by a creditor holding a judgment against only Robert. Because California does not recognize tenancy by the entireties as a form of ownership, we reverse, concluding that the proceeds derived from the Upshaws’ sale of their California home constitute an asset and remanding for a determination as to whether the Upshaws effected any fraudulent transfers.
 

 Republic filed suit in the United States Court for the Southern District of Iowa against Robert Upshaw, seeking to recover damages for his default on three promissory notes. During the pendency of that litigation, Robert and his wife, Elizabeth, then California residents, sold their California home, gaining slightly over $400,000 in equity from the sale. Ultimately, the Iowa court granted summary judgment in favor of Republic. The Upshaws wired $350,000 to an attorney’s trust account in Florida and deposited $63,304.22 into a newly-opened bank account in only Elizabeth’s name, thereafter using $200,000 from the attorney’s trust account as a down payment on the purchase of a house in Palm Beach Gardens, Florida. Subsequently, the Iowa court entered a final judgment in favor of Republic. The Up-shaws incrementally funneled the remainder of the money in the attorney’s trust account into the bank account in Elizabeth’s name.
 

 Republic domesticated its judgment against Robert in Florida and then filed a complaint against Robert and Elizabeth, seeking to set aside the monetary transfers as fraudulent. The trial court concluded that the character of the sales proceeds should be determined pursuant to Florida law, meaning that the Upshaws held the money derived from the sale of their California home as tenancy by the entireties property not subject to execution by a judgment creditor holding a judgment against a single spouse.
 

 California does not recognize tenancy by the entireties as a form of ownership.
 
 Swan v. Walden,
 
 156 Cal. 195, 103 P. 931, 932 (1909);
 
 Tischhauser v. Tischhauser,
 
 142 Cal.App.2d 252, 298 P.2d 551, 554 (1956). Thus, the proceeds from the sale of the Upshaws’ California home could not retain entireties characteristics that it never had.
 
 Cf. Passalino v. Protective Group Sec., Inc.,
 
 886 So.2d 295, 297 (Fla. 4th DCA 2004) (“The proceeds from the sale or rental of tenancy by the entire-ties property are also held as tenancy by the entireties and are owned in total by both the husband and the wife.”).
 

 Therefore, we conclude that the home sale proceeds are assets subject to attachment by a judgment creditor.
 
 See
 
 § 726.102(2)(c), Fla. Stat. (2005) (defining
 
 *1105
 
 an asset as the property of a debtor, excluding an interest in property held as tenants by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant). Because the trial court deemed the California sales proceeds tenancy by the entireties property, it never made findings as to whether any fraudulent transfer occurred.
 

 Accordingly, we reverse and remand for a determination as to whether the Upshaws fraudulently transferred the proceeds from the sale of their California home pursuant to the Uniform Fraudulent Transfer Act. We note that “[t]he transfer of nonexempt assets into an exempt homestead with the intent to hinder, delay, or defraud creditors is not one of the three exceptions to the homestead exemption provided in article X, section 4.”
 
 Havoco of Am., Ltd. v. Hill,
 
 790 So.2d 1018, 1028 (Fla.2001). On remand, it shall be in the discretion of the trial court whether to hold additional evidentiary proceedings.
 

 Reversed and Remanded.
 

 TAYLOR and MAY, JJ., concur.