JULIA A. CORY et al. v. R. W. OLMSTEAD et al.*

(*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

1. COURTS. Jurisdiction of subject-matter. Waiver. Demurrer and answer.

The want of jurisdiction of the subject-matter can neither be waived, nor conferred by consent, estoppel, appearance or pleadings, as by demurrer, raising only a question of jurisdiction, and answer as to other matters. (Post, p. 516.)

Citing: Baker v. Mitchell, 105 Tenn., 612.

2. SAME. Same. To pass title to land in another State.

A court of one State is without jurisdiction to pass title to land lying wholly in another State. (Post, p. 516.)

Citing: Wicks v. Caruthers, 81 Tenn., 365; Johnson v. Kimbro (3 Head), 559; Story's Conflict of Laws, sec. 543.

3. EQUITY PLEADING AND PRACTICE. Appeal overruling demurrer.

Where the question raised by the demurrer is of such a nature and had such a bearing upon the litigation as a whole, the Chancellor by the Code is given a discretion to permit an appeal on overruling such demurrer, which action upon an appeal will not be disturbed, unless it is found that this discretion has been abused. (Post, p. 517.)

Citing: Shannon's Code, section 4869.

4. EQUITY. Acts in personam. Specific performance. Foreign lands.

While a foreign court cannot, by its decree, pass title to land in another State, yet, a court of equity may decree a specific performance of a contract respecting land in a foreign State, if parties are resident within the territorial jurisdiction of the court. Not attempting to bind the land, it can bind the conscience of the party in regard to it, and enforce, by process against the person,

154 Tenn.—33.

execution of the contract in equity and good conscious. (Post, p. 518.)

Citing: 2 Story's Eq. Juris, sections 743-744; Miller v. Birdsong, 66 Tenn., 531; Wicks v. Caruthers, 81 Tenn., 365; 7 R. C. L. 1058; Carpenter v. Strange, 141 U. S., 106; 35 L. Ed., 647.

5. **TRUST DEED. Successor of trustee. Substitution.**

In a proceeding properly framed, with necessary parties, before the court, a court of equity has the inherent power to appoint a successor trustee, upon a vacancy occurring even though no provision is made therefor in the instrument creating the trust; and likewise, the Statutes of Tennessee make provision for such substitution. (Post, pp. 518, 519.)

Citing: 39 Cyc., p. 280 and 287; Shannon's Code, sections 5414-5434; Woolridge v. Bank, 1 Sneed, 296; Williams v. Neil, 4 Heisk. (51 Tenn.), 279.

6. **SAME. Same. Same.**

Semble. That a substituted trustee would be vested with power to pass title of lands in a foreign jurisdiction. (Post, p. 519.)

Citing: Smith v. Davis, 90 Calif., 25 A. S. R., 92; Contra, Henry v. Doctor, 9 Ohio, 49.

---

*Headnotes 1. Courts, 15 C. J., section 164; Pleading, 31 Cyc., p. 344; 2. Appeal and Error, 3 C. J., section 1109; 3. Courts, 15 C. J., sections 105, 164; 4. Courts, 15 C. J., section 122; 5. Equity, 21 C. J., section 132; 6. Equity, 21 C. J., section 132; 7 Trusts, 39 Cyc., pp. 277, 280; 8. Trusts, 39 Cyc., p. 283; 9. Mortgages, 41 C. J., section 191 (Anno); 10. Trusts, 39 Cyc., p. 287.

---

### FROM ROANE.

---

Appeal from Chancery Court of Roane County.—HON. J. H. WALLACE, Chancellor.

R. B. CASSELL and R. H. WARD, for plaintiff.

HARRIS & EVANS, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a decree overruling demurrers to original and supplemental bills filed by creditors of Indian Head Coal Company, a Tennessee corporation. Insolvency of the corporation and default in payment of interest on its bonds was set up, and it was sought to have the bill declared a general creditors bill, with all usual and incidental relief. Also, it was shown that the bonds were secured by a deed of trust on lands located wholly in the State of Kentucky, as to which foreclosure was prayed. A receiver was prayed for and the C. & M. was duly appointed and appears to have taken possession of the property. Subsequently the corporation was adjudged a bankrupt in the United States Court at Knoxville, and a trustee was appointed in that proceeding, who later filed an intervening petition in this cause seeking possession of the property of the bankrupt.

Defendant Olmstead, a creditor holding bonds and past due coupons, by his demurrer to the original bill challenged the jurisdiction of the chancery court of Roane county to foreclose the lands lying wholly in the State of Kentucky—expressly thus limiting his demurrer. To the amended and supplemental bill he filed an amended demurrer, adding the ground that the amended bill showed the adjudication in bankruptcy and the appointment of a trustee, in whom was vested by law the custody of the property of the bankrupt and the right to administer its estate.

Following the filing of his demurrer to the original bill, limited as already indicated, Olmstead filed an answer to other parts of the bill. In this connection we observe, in reply to the point made, that the answer did not overrule the demurrer. It raised only a question of jurisdiction of the subject-matter. In *Baker* v. *Mitchell*, 105 Tenn., 612, it was directly held that a demurrer to the jurisdiction was not waived by an answer—that want of jurisdiction could neither be waived nor conferred by consent, appearance or pleadings.

The point of procedure is also made that the appeal is premature. By section 4889 of Shannon's Code, the Chancellor is given a discretion in the matter of granting appeals from decrees or demurrers, and we do not find that this discretion has been abused in the instant case. The question raised by the demurrer was of such a nature and had such a bearing upon the litigation as a whole, that the Chancellor properly allowed the appeal. It may also here be said, in response to argument of counsel, that no estoppel can affect the consideration of a question of jurisdiction. It must be borne in mind that the demurrer is restricted to the question of territorial jurisdictional power to foreclose the lands in Kentucky, and does not go to questions discussed on the briefs of counsel touching the right to maintain the suit for other purposes.

Two propositions pertinent to the issues here presented are free from difficulty. In the first place, it is well established that a court of one State is without jurisdiction to pass title to lands lying wholly in another State. The local court cannot by its decree bind the land, and a decree of foreclosure, pursuant to pleadings in this

cause, as said, by Mr. Justice Freeman in *Wicks* v. *Caruthers,* 81 Tenn., at page 365, "would be *tristem fulmen,* and a useless form." In the second place, it is equally well established that in a proper case, with the necessary parties before the court, a decree *in personam* may be properly passed requiring a party defendant holding the legal title in trust, or otherwise, to transfer such title in accordance with the decree of the court. The rule is thus stated by Mr. Justice McKinney in the early case of *Johnson* v. *Kimbro,* 3 Head (40 Tenn.), on page 559, as follows: 'It is a well-established principle of international law, 'that a foreign court cannot, by it judgment or decree, pass the title to land situate in another country." Story's Conflict of Laws, sec. 543. It is certainly true, that a court of equity may entertain a bill for the specific performance of a contract respecting land situate in a foreign country, if the parties are resident within the territorial jurisdiction of the court. In such case, although the court cannot bind the land itself by the decree, it can bind the conscience of the party in regard to the land, and enforce him, by process against his person, to perform his agreement. But the decree is merely *in personam,* and not *in rem.* Still, the want of power to act upon the land, or to enforce the decree *in rem,* is no objection to the jurisdiction to act upon the person, and in that mode compel an execution of the contract according to equity and good conscience. 2 Story's Eq. Jur., secs. 743, 744." Further citation of authorities is hardly necessary, but see, to the same effect, *Miller* v. *Birdsong,* 66 Tenn., 531; *Wicks* v. *Caruthers,* supra; 7 R. C. L., 1058; *Carpenter* v. *Strange,* 141 U. S., 106, 35 L. Ed., 647.

It is obvious, therefore, that the chancery court of Roane county was wholly without jurisdiction to foreclose this land in Kentucky, essentially a proceeding *in rem*, which would involve necessarily a sale of the land, divesting and vesting title thereto, with the incidental writ of possession. The frame and prayer of the bill having been so limited it would seem to follow that the demurrer raising this jurisdictional question should have been sustained as to this feature of the bill.

However, it is suggested that the proceeding by a decree *in personam* might be had. But it appears that the trustee, in whom the legal title rested, was not before the court and that this corporate trustee, having passed out of existence, could not be brought before the court, and the authorities cited in support of this theory could not therefore be given application. Apparently realizing the force and effect of this situation, able counsel in argument suggest that this court should remand the case for proper amendments, in order that the chancery court may appoint a substitute trustee, vesting in such trustee the title and powers of the original trustee, thereby putting itself in position to proceed by decree *in personam* ordering the sale in foreclosure.

It cannot be doubted that in a proceeding properly framed for this purpose, and with all the necessary parties before the court, a court of equity has the inherent power to appoint a successor trustee, even though no provision has been made therefor in the instrument creating the trust. This is the general rule. 39 Cyc., page 280. In Tennessee provision is made by Statute for such substitution. Shannon's Code, secs. 5414-5434. And in this State it is held that in case of a substitution of a

trustee, the title to the trust properly passes to the substitute. *Woolridge* v. *Bank,* 1 Sneed, 296, and *Williams* v. *Neil,* 4 Heisk., 279. In both of the cases cited the appointments appear to have been made pursuant to the provisions of our statutes above cited. However, it is not at all clear that such a substituted trustee would be vested with the power to pass title to these lands in a foreign jurisdiction. While there is authority which would seem to support this power (*Smith* v. *Davis,* 90 Calif., 25, 25 A. S. R., 92), there is direct authority to the contrary. In *Henry* v. *Doctor,* 9 Ohio, 49, this question was considered by the court, which refused to recognize the power of the Virginia court of chancery to vest in a substitute trustee for real estate located in Ohio authority to convey title to the land involved.

However, conceding, but not deciding, that this course could be properly pursued in a case like the one now presented, in which the lands involved are outside of the territorial jurisdiction of the local court, it is sufficient to say, as already indicated, that the bill is not framed with a view to any such proceeding or relief, and that there is a want of proper notice and parties. "It is a general rule in equity, and one that applies to circumstances for the appointment of new trustees, that all persons beneficially interested in the object of the suit must be made parties." 39 Cyc., 287; and see our statutory provisions above cited. While there are exceptions to this general rule, we are not of opinion that these exceptions have application in this case.

In view of the conclusion reached that the demurrer should have been sustained on the ground of want of jurisdiction of the subject-matter, in so far as the bill

sought foreclosure, it becomes unnecessary to consider questions discussed in the briefs of the effect of the bankruptcy proceedings upon the rights of Olmstead, or the exclusive rights of the trustee in bankruptcy.

The decree of the Chancellor overruling the demurrer must be reversed and the case remanded.