**Betty Pritchett BOALS, Petitioner-Appellee,**

**v.**

**Bruce R. BOALS, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

Nov. 30, 1973.

Rehearing Denied Feb. 6, 1974.

Certiorari Denied by Supreme Court July 29, 1974.

J. B. Watson, Jr., Nashville, for petitioner-appellee.

Henry S. Kane, Nashville, for defendant-appellant.

SHRIVER, Presiding Judge.

OPINION

Appellant's short statement filed in compliance with Rule 11(1) of this Court

states that the issue in this Court is whether or not the Trial Court was in error in finding the defendant-appellant in contempt for writing a letter concerning certain Florida real estate which was dealt with in the final decree of divorce entered September 29, 1971.

The above mentioned real estate was also dealt with in a subsequent order of the Court on May 18, 1972 when the cause came on to be heard before Special Judge Robert H. Polk, and wherein the Court ordered the respondent (appellant here), Bruce R. Boals:

" . . . to do what is necessary under the laws of the State of Florida to complete the transfer of all his right, title and interest, as his such right, title and interest existed on September 13, 1971, in the Florida property so as to transfer to the complainant, Betty Pritchett Boals, such interest in said real estate by executing, acknowledging and delivering a deed to her to such property, the legal description of which is set out in the Final Decree of September 13, 1971 in this cause."

The proceedings leading up to the present controversy, as reflected by the transcript herein, originated with a bill for divorce filed by the original complainant, Betty Pritchett Boals, on November 19, 1970. The answer of defendant, Bruce R. Boals, filed December 4, 1970, denied the material allegations of the bill; however, the bill and answer show that both complainant and defendant were residents of Davidson County, Tennessee, and the parties were before the Court in personam.

An amended bill was filed and an order for temporary alimony and support of the children of the parties was entered.

The final decree of divorce, as aforesaid, was entered September 29, 1971 awarding a divorce and the custody of the children to the complainant, Betty Pritchett Boals, together with alimony in solido, plus alimony in futuro at the rate of $150.00 per month beginning October 3, 1971.

The alimony in solido, in addition to certain personal property, consisted of a house and lot in Columbia County, Florida, a description of which is set forth in the *decree which provides that said property be divested out of the defendant, Bruce R. Boals, and vested in the complainant, Betty Pritchett Boals.*

On February 3, 1971, the complainant filed a petition seeking to have the defendant held in contempt for his failure to abide by the orders of the Court with respect to the payment of alimony and child support; however, this petition was dismissed on order of the Court.

Again, on April 21, 1971, complainant filed a Petition for Contempt setting out in particular the several alleged violations of the Court's orders by the defendant. This was followed by a decree finding defendant guilty of contempt but reserving punishment.

On July 21, 1971, an Amended Petition for Contempt was filed, followed by an order to pay arrearages. Again, on April 25, 1972 still another such Petition was filed, followed by defendant's answer, and a hearing before Special Judge Robert H. Polk. Thereupon, the decree hereinabove referred to and quoted from was entered requiring defendant to do all things necessary to transfer all of his interest in Florida real estate to Betty Pritchett Boals.

Defendant's Petition to Rehear was overruled.

A subsequent petition was filed by Bruce R. Boals seeking a reduction in alimony and child support payments, and, after a hearing, the Trial Judge entered a decree holding defendant in contempt for failure to keep up the alimony and child support payments and also for having written a letter to the tenants in the Florida property asserting that he was the sole owner and was assuming control of the premises.

Said letter was written after the Court's decree hereinabove referred to.

## ASSIGNMENTS OF ERROR

There are two assignments of error, as follows:

"I. The Probate Court erred in the finding of, and sentencing for, contempt because of a void portion of the divorce final decree which attempted to transfer title of real property in the State of Florida from the defendant to the complainant wife when the Tennessee Trial Court had no jurisdiction of real property located in Florida in the first place. A judgment, which is void for want of jurisdiction, cannot bind anyone, and disobedience of it would not constitute contempt. The finding and judgment of the Court is contrary to the law applicable to the case.

II. Even if the Court had jurisdiction to transfer title to Florida property, which the defendant denies, the Court erred in finding the defendant in contempt by writing the letter, considering all the facts and circumstances. The finding and judgment of the Court is contrary to the weight and preponderance of the evidence."

## OUR CONCLUSIONS

■ The assignments charge error on the part of the Court in finding that the defendant was guilty of contempt of Court on the ground that the final decree of divorce which attempted to vest and divest title to the real estate in Florida was beyond the jurisdiction of the Court. It is asserted that the judgment of the Court in that respect was void for want of jurisdiction and that, therefore, disobedience of that decree would not constitute contempt.

It is with some reluctance that we feel compelled to sustain this assignment.

In Cory v. Olmstead, 154 Tenn. 513, 290 S.W. 31, it was said that want of jurisdiction of the subject matter can neither be waived, nor conferred by consent, estoppel, appearance or pleadings, and that a Court of one State is without jurisdiction to pass title to land lying wholly within another State, citing Wicks v. Caruthers, 81 Tenn. 353, and other authorities.

In Clouse v. Clouse, 185 Tenn. 666, 207 S.W.2d 576, it was said that the Supreme Court cannot give full faith and credit to a foreign decree which shows on its face that the Court rendering the decree had no jurisdiction of the subject matter, and that Courts of a foreign State are without jurisdiction to vest title to lands in Tennessee.

Also see Miller v. Birdsong, 66 Tenn. (7 Baxter) 531.

On the other hand, the record here reflects that, on March 18, 1972, the Trial Court entered a decree, the pertinent parts of which are copied hereinabove, wherein the defendant, Bruce R. Boals, was required to do what is necessary under the laws of the State of Florida to complete the transfer of all of his right, title and interest in the Florida property so as to transfer same to the complainant, Betty Pritchett Boals, and he was ordered to execute, acknowledge and deliver a deed to the said property to the complainant.

■ The question is raised whether or not the Trial Court had jurisdiction to make such a decree at the time same was made. Upon reviewing the petition of the complainant which specifically raised this question and asked that implementation of the decree granting her alimony in solido be had in conformance with the obvious intent and purpose of the decree and that the defendant be required to make a deed to the property in question and deliver it to her; moreover, since the answer of the defendant to the petition squarely raises this issue for determination by the Court, it would seem that the Court did have jurisdiction to act upon said petition and, since no appeal was perfected from the decree of the Court and the petition to rehear was overruled with no prayer for an appeal made or granted, said decree of March 18, 1972 became final and is valid.

It was subsequent to said decree, to-wit, August 18, 1972, that defendant wrote the letter which Judge Luton held to constitute contempt, although he based his holding on the former decree wherein he attempted to divest and vest title to the Florida real estate.

It seems clear that if defendant and his counsel conceived that the decree ordering defendant to execute and deliver a deed to the property in Florida was not valid, or that, for any other reason, the defendant was not bound by the order of the Court, his course should have been by appeal to test its validity.

In Cory v. Olmstead, *supra* (154 Tenn. 513, 290 S.W. 31), in addition to the holding hereinabove referred to to the effect that the Court of one State is without jurisdiction to pass title to land lying wholly in another State, the Court said:

> "While a foreign Court cannot, by its decree, pass the title to land in another State, yet, a Court of Equity may decree a specific performance of a contract respecting land in a foreign State if the parties are resident within the territorial jurisdiction of the Court. Not attempting to bind the land, it can bind the conscience of the party in regard to it, and enforce, by process against the person, execution of the contract in equity and good conscience."

In Miller v. Birdsong, *supra* 66 Tenn. (7 Baxter) 531, our Supreme Court held that where land was situated both in Tennessee and Mississippi, the Court could not decree sale of that portion located in Mississippi but held that it might coerce the surety thus holding the land in trust and residing in Tennessee to make a conveyance of the entire tract to an administrator to be sold under the orders of the Court for the benefit of the creditors of the estate.

And in Clouse v. Clouse, *supra* (185 Tenn. 666, 207 S.W.2d 576), the Court held that a Court of a foreign State having ju-

risdiction of the parties might in a proper case compel execution of a deed to lands within Tennessee by proceedings in the nature of attachment or contempt.

Thus, it is seen that the learned Trial Judge in his decree of November 11, 1972, inadvertently held the defendant in contempt for violating the decree of September 13, 1971 wherein title to the Florida real estate was attempted to be divested and vested, and which divestiture, etc., was beyond the Court's jurisdiction, whereas, the contempt, if any, should have been based on violation of the decree of March 18, 1972 ordering the defendant to execute a deed to the Florida property.

It results that the decree of the Probate Court entered December 11, 1972 is set aside and the cause remanded to that Court for such other and further proceedings as may be proper in the premises and without prejudice to the right of the Court and complainant to proceed toward the enforcement of the Court's former decrees by citation for contempt or such other proceedings as may be necessary and proper.

Remanded for further proceedings.

PURYEAR and TODD, JJ., concur.