**ESTATE of Linzy TRIVETTE et al.**

v.

**Lem TRIVETTE et al.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 6, 1977.

Certiorari Denied by Supreme Court April 10, 1978.

Dan M. Laws, Jr., and John W. Walton, Elizabethton, Kent Herrin, Johnson City, Max E. Wilson, Mountain City, Paul W. Sorrick, Jr., Chattanooga, for appellants.

Charles Crockett, Robert E. Banks, Lodge Evans, Elizabethton, for appellees.

## OPINION

SANDERS, Judge.

The controlling question for determination on this appeal is whether or not a chancery court can divest title of real estate in the State of North Carolina out of a Tennessee resident-owner and vest it in a third party.

Linzy Trivette died testate in Carter County, Tennessee, in 1973 owning real estate in Carter County, Tennessee, and Avery County, North Carolina. In his will the testator appointed two of his sons, Lem Trivette and Ray Trivette, as trustees. The will provides, "The Trustees shall have the power to sell the entire estate, or any portion thereof, at any time they desire and at any time which they deem to be in the best interest of my beneficiaries."

In March, 1974, the trustees conveyed the property in Avery County, North Carolina, to the Defendants-Appellants, Joe F. Kelley and wife, Cynthia R. Kelley. The consideration for the property was $5,000 cash. The deed from the trustees to the Kelleys was recorded in Avery County April 16, 1974. Soon after this conveyance some of the beneficiaries of the will filed suit in the Chancery Court of Carter County. As pertinent to this appeal the complaint sought to have the deed from the trustees to the Kelleys set aside. The complaint alleges the property was sold for only a fraction of its real value. It alleges fraud, over-reaching and conspiracy between the trustees and the Kelleys.

The Kelleys are residents of Hamilton County and were served with process. They answered the complaint denying any fraud or collusion. They said they negotiated the purchase in good faith and paid the fair value of the property.

The Chancellor entered an order of reference referring the matter to the clerk and master. Among other things, the order of reference directed the master, "The clerk will recommend to the Court the most feasible solution or solutions representing the property in the State of North Carolina." The master filed his report in which he said, "The Trustees named in the Will, to-wit: Lem Trivette and Ray Trivette, conveyed unto Joe F. Kelly and wife the property of the deceased, Linzy Trivette, located in the State of North Carolina as reflected by deed of record. Upon consideration of all of the evidence introduced, the Clerk and Master finds that there was no fraud, overreaching, conspiracy, or any other taint which would require this transaction to be set aside and the Clerk and Master recommends that the same be confirmed."

Exceptions were filed to this portion of the master's report. Prior to the exceptions' being ruled on by the Court two of the beneficiaries of the will offered to tender into court $5,500 for the purpose of reopening the sale of the property. Pursuant to this offer the Court entered the following order: "THEREUPON, the Court refused to allow this plaintiff to re-open the bidding for said consideration offered, or to set aside the sale made by the executors of the estate of Linzy Trivette to Joe Frank Kelley and wife, Cynthia Kelley, for the reason that the consideration offered was inadequate and insufficient; however, the Court found that said plaintiff or other party may tender a minimum offer of TEN THOUSAND $10,000.00) DOLLARS; and that said amount shall actually be paid into the office of the Clerk and Master on or before January 1, 1977, and should said amount not be received or paid into the Clerk and Master on or before January 1, 1977, the Clerk and Master's report shall become final as to the North Carolina property, and thereafter, no complaint shall be heard regarding same."

Subsequent to this order $10,000 was tendered into court by Irvan E. Grondin and wife, Rose Mary Grondin, and Eric E. Johnson and wife, Susan E. Johnson, for the property. Based upon this offer, on February 24, 1977, the Court entered a decree divesting title out of the Kelleys and into Mr. and Mrs. Grondin and Mr. and Mrs. Johnson. The decree provides, in part: "It is further ORDERED, ADJUDGED AND DECREED, upon Motion, that Lloyd Perry, Clerk and Master of this Court, is hereby appointed Substitute Trustee with the Will annexed of the late Linzy Trivett, deceased, and in that capacity, and as Clerk and Master and Special Commissioner of the Court, he is empowered and authorized to execute, acknowledge and deliver a proper deed thereof to the purchasers upon their payment of the legal fees therefor for the subject real property with all improvements, less the exceptions, same to be received and recorded in the Office of the Register of Deeds for Avery County, North Carolina, and a certified copy of the Will of the late Linzy Trivett will likewise be recorded with the Register of Deeds by the purchasers, as further evidence of the chain of title. A certified copy of this decree may likewise be duly authenticated under the Acts of Congress and filed for record with the Register of Deeds for Avery County, North Carolina, as muniment of title."

The Kelleys have appealed and assigned the action of the Court as error.

Before passing upon the assignments of error, we must first consider a motion by the Appellees to dismiss the appeal. In their motion the Appellees say: (1) The appeal is premature. There are other matters in the pending litigation yet to be determined; (2) No bill of exceptions has been filed; and (3) The assignments of error were not timely filed.

We shall consider the grounds for the motion in order. It is true there are other matters involved in the overall litigation which have not been finally determined by the Court. However, the decree entered

by the Court on February 24, 1977, is a final determination of all matters relevant to this appeal. The decree states, "This decree is in all respects final in respect to the adjudication of the rights, title and interest in and to the North Carolina property." The Chancellor heard no proof in the case. Therefore, there was no bill of exceptions to be preserved, nor is a bill of exceptions necessary for a determination of the questions on this appeal. The record was filed in this court on April 13, 1977. Under the rules Appellants were allowed 25 days within which to file assignments of error and briefs, which would have expired on May 8. On May 2 an order was entered allowing a 15-day extension, which made them due on May 23. They were filed May 19. The motion is, accordingly, overruled.

■ It is the insistence of the Appellants the Court was without jurisdiction to divest title to the property in North Carolina out of them and vest title thereto in third persons.

■ We must agree. The courts of this state may require a person within its jurisdiction to execute a deed to property lying outside of the state. Also, our courts may require specific performance of a contract relating to property beyond its jurisdiction. But our courts are without jurisdiction to pass title to lands lying solely within another state. See *Cory v. Olmstead*, 154 Tenn. 513, 290 S.W. 31 (1926); *Clouse v. Clouse*, 185 Tenn. 666, 207 S.W.2d 576 (1948); *Boals v. Boals*, (Tenn.App.) 519 S.W.2d 594 (1974).

The *Cory* case, *supra*, was a suit filed in Tennessee to foreclose a mortgage on property located in the State of Kentucky. 154 Tenn. at pages 516 and 517, 290 S.W. at page 32, the court said:

"In the first place, it is well established that a court of one state is without jurisdiction to pass title to lands lying wholly in another state. The local court cannot by its decree bind the land, and a decree of foreclosure, pursuant to pleadings in this cause, . . . .. It is a well established principle of international law, 'that a foreign court cannot, by its (sic) judgment or decree, pass the title to land

situate in another country.' Story's Conflict of Laws, sec. 543. It is certainly true, that a court of equity may entertain a bill for the specific performance of a contract respecting land situate in a foreign country, if the parties are resident within the territorial jurisdiction of the court. In such case, although the court cannot bind the land itself by the decree, it can bind the conscience of the party in regard to the land, and enforce him, by process against his person, to perform his agreement. But the decree is merely *in personam*, and not *in rem*. Still, the want of power to act upon the land, or to enforce the decree *in rem*, is no objection to the jurisdiction to act upon the person, and in that mode compel an execution of the contract according to equity and good conscience."

The *Clouse* case, *supra*, involved a decree from the State of Michigan. A court in Michigan, in a divorce case, had entered a decree divesting title out of the defendant to properties in Tennessee. Our Supreme Court, speaking through Chief Justice Neil, said, "We think it is hardly a debatable question that courts of a foreign State are without jurisdiction to vest and divest title to lands in this State." He also quoted with approval from *Cory, supra*, "[A] court of one state is without jurisdiction to pass title to lands lying wholly in another state." He further said:

"In a recent work on Conflict of Laws by Joseph H. Beale, Volume One, page 424, it is said:

" 'A refusal of the defendant to make a conveyance in obedience to a decree therefore *deprives the decree of any effect.* An appointment by the court of a master or committee to give a deed of the land after the defendant's refusal to do so, or in the absence of an order to him to do so, will not cure this defect. (Italics ours.)

" 'Since a court cannot affect the title to foreign land it will not construe a conveyance of such land.'

"The foregoing text is supported by the following cases: *Carpenter v. Strange*, 141 U.S. 87, 11 S.Ct. 960, 35 L.Ed. 640; *Taylor v. Taylor*, 192 Cal. 71, 218 P. 756,

51 A.L.R. 1074; *Carter v. Carter,* 283 Ill. 324, 119 N.E. 269, and other leading cases from Iowa, Missouri, Nebraska, South Carolina, Virginia, and our own case of *Cory v. Olmstead,* supra. See also *Fall v. Eastin,* 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65, 23 L.R.A.,N.S., 924, 17 Ann.Cas. 853."

The *Boals* case, *supra,* involved a decree of a Tennessee court in a divorce case. The decree recited the title to certain Florida property was divested out of the defendant and vested in the complainant. In holding the decree was unenforceable, our court of appeals said:

"In *Cory v. Olmstead,* 154 Tenn. 513, 290 S.W. 31, it was said that want of jurisdiction of the subject matter can neither be waived, nor conferred by consent, estoppel, appearance or pleadings, and that a Court of one State is without jurisdiction to pass title to land lying wholly within another State, citing *Wicks v. Caruthers,* 81 Tenn. 353, and other authorities."

The assignments of error are sustained. The decree of the Trial Court is reversed and the complaint as to Appellants Kelleys is dismissed. The cost of this appeal is taxed to the Appellees.

GODDARD, J., and W. I. DAVIS, Special Judge, concur.