**Edith Virginia ROBERTS,**
**Plaintiff–Appellee,**

v.

**Sam Lamar ROBERTS,**
**Defendant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 19, 1988.

Permission to Appeal Denied by
Supreme Court Feb. 21, 1989.

J.W. Dietzen, with Dietzen, Dietzen & Atchley, Chattanooga, for defendant-appellant.

Harry Berke, with Berke, Berke & Berke, Chattanooga, for plaintiff-appellee.

## OPINION

SANDERS, Presiding Judge (Eastern Section).

The Appellant has appealed from a decree of the chancery court directing the clerk and master to execute a deed on his behalf to convey his interest in property in the State of Alabama.

The Plaintiff–Appellee, Edith Virginia Roberts, was granted a divorce from the Defendant–Appellant, Sam Lamar Roberts, in Part II of the Chancery Court of Hamilton County in June, 1987. At the time of the divorce the parties owned a farm containing 193 acres located in DeKalb County, Alabama. The farm had an appraised value of approximately $250,000 and was encumbered by a mortgage of approximately $65,000. Prior to the trial of the case the parties informed the court they had reached a property settlement and, as pertinent here, the decree provides:

> Upon payment by Defendant to Plaintiff, of the sum of $100,000.00 within sixty days of the entry of this Order, Plaintiff shall quitclaim unto Defendant her interest in the farm property located in DeKalb County, Alabama, and the two lots located at Lake Tansi, Tennessee. From and after such payment, Defendant shall be entitled to all the business inventory and equipment located upon the farm property, as well as the household furnishings and antiques not elsewhere in this Order specifically awarded to the Plaintiff.

> In the event Defendant is unable to pay the foregoing amount in the time allowed, then the Parties shall immediately offer for sale the property located in DeKalb County, Alabama, in whole or in part by one or more contracts, of not less than an amount set forth in a letter dated April 13, 1987, from the Plaintiff's counsel to the Defendant's counsel. Jurisdiction is hereby specifically reserved to resolve questions of whether or not one party should be compelled to accept an offer of a lesser amount, an offer to purchase less than the entire property, an offer involving owner financing, or a conditional offer.

> To secure the payment of all amounts due to be paid to Plaintiff by Defendant, the Defendant is hereby specifically ordered and required to execute a lien mortgage or other instrument suitable for recording in DeKalb County, Ala-

bama, against the Parties' farm property. Upon payment of all sums required to be paid by these Orders, Plaintiff shall take all necessary steps to remove the encumbrance upon the property.

The Defendant failed to pay the Plaintiff the $100,000 and he also defaulted in the payments of the mortgage on the property. The holder of the mortgage notified the Plaintiff of its intention to foreclose on the property and she filed a petition asking the court to permit her or a real estate agent to sell the property to protect her interest. She also asked the court for an order giving her and the real estate agent access to the property to consummate a sale with a prospective purchaser. It appears the Defendant and his attorney were notified of the filing of the petition but did not respond or appear at the hearing.

Upon the hearing the court entered an order authorizing the Plaintiff to sell the property or to employ a real estate broker to sell the property to avoid a foreclosure. The decree also provided the Defendant should give free access to the property and he was restrained from interfering with access to or sale of the property until he paid the Plaintiff the $100,000 as provided in the divorce decree. The order also provided:

> It is further ORDERED that the defendant execute a deed to said property to any purchaser, including the plaintiff, who may be interested in purchasing said property; and in the event the defendant fails to execute such deed when required by the Orders of this Court, the Clerk and Master of Hamilton County, Tennessee, may execute such deed in behalf of Sam Lamar Roberts.

The order described above was entered on October 19, and on November 5 the Plaintiff filed a "Motion for a Directed Sale of Property." In her motion she asked that she be permitted to purchase the property in consideration of forgiving the $100,000 provided for in the divorce decree and the payment of the balance of the mortgage which was about to be foreclosed. She also asked that a quitclaim deed be executed to her unless the $100,000 was paid.

It appears that notice of the motion was given to the Defendant and his attorney but they did not appear at the hearing.

Upon the hearing the court entered an order which, as pertinent here, provided:

> ORDERED that the Clerk and Master execute instanter a quitclaim deed in behalf of the defendant, quitclaiming the defendants interest in said property and the plaintiff is thereafter ordered to pay off the existing mortgage due the Citizen's Bank of Valleyhead, Alabama, in order to avoid the foreclosure and the plaintiff will obtain immediate and total possession of the said property and the defendant is permanently enjoined from interfering with the peaceful possession of said property by the plaintiff and it further appearing that the defendant has within the past few days, threatened to harm the plaintiff if she appears on said property. The Court, hereby, issues a further Restraining Order in addition to the Restraining Order in the original Divorce Decree and prohibits the defendant from coming on said property and further restrains him from harming or molesting the plaintiff in any matters whatsoever wherever she may be.

The Defendant filed a motion asking the court to reconsider its order. The motion was overruled and he has appealed.

Before addressing the issues on appeal, we shall pass upon a motion of the Appellee to dismiss the appeal. The basis of Appellee's motion to dismiss is (a) Appellant failed to give notice within 15 days after filing notice of appeal that no transcript or statement of the evidence would be filed pursuant to Rule 24(d), T.R.A.P. and (b) Appellant failed to give Appellee a declaration of issues to be presented on appeal pursuant to Rule 24(a), T.R.A.P.

Counsel for the Appellant filed a response to the motion to dismiss and an affidavit to the effect that he was hired as counsel for the Appellant after the notice of appeal had been filed by former counsel. The requirements of Rule 24(a) and (b) are,

accordingly, suspended pursuant to Rule 2, T.R.A.P., and the motion is overruled.

The Appellant has presented six issues for review; however, most of those issues relate to decrees or orders from which no appeal was taken. Appellant's fourth issue is: "The Court exceeded its jurisdiction by authorizing its clerk and master to execute a deed to real property located in the State of Alabama."

■ We concur with the Appellant in his insistence on this issue and think it is dispositive of the issues relating to the order from which this appeal is perfected.

In the case of *Estate of Trivette v. Trivette*, 564 S.W.2d 672 (Tenn.App.1978) the court said:

> The courts of this state may require a person within its jurisdiction to execute a deed to property lying outside of the state. Also, our courts may require specific performance of a contract relating to property beyond its jurisdiction. But our courts are without jurisdiction to pass title to lands lying solely within another state. *See Cory v. Olmstead*, 154 Tenn. 513, 290 S.W.31 (1926); *Clouse v. Clouse*, 185 Tenn. 666, 207 S.W.2d 576 (1948) *Boals v. Boals*, (Tenn.App.) 519 S.W.2d 594 (1974).

*Id.* 675.

The court further said, and quoted with approval, as follows:

> The *Cory* case, *supra*, was a suit filed in Tennessee to foreclose a mortgage on property located in the State of Kentucky. 154 Tenn. at pages 516 and 517, 290 S.W. at page 32, the court said:
> "In the first place, it is well established that a court of one state is without jurisdiction to pass title to lands lying wholly in another state. The local court cannot by its decree bind the land, and a decree of foreclosure, pursuant to pleadings in this cause, . . . . It is a well established principle of international law, 'that a foreign court cannot, by its (sic) judgment or decree, pass the title to land situate in another country.' Story's Conflict of Laws, sec. 543. It is certainly true, that a court of equity may entertain a bill for the specific performance of a contract respecting land situate in a foreign country, if the parties are resident within the territorial jurisdiction of the court. In such case, although the court cannot bind the land itself by the decree, it can bind the conscience of the party in regard to the land, and enforce him, by process against his person, to perform his agreement. But the decree is merely *in personam*, and not *in rem*. Still, the want of power to act upon the land, or to enforce the decree *in rem*, is no objection to the jurisdiction to act upon the person, and in that mode compel an execution of the contract according to equity and good conscience."

Id. 675

The Appellee, in her brief, concedes the holding in the authority cited above to be the law of this jurisdiction. However, she relies upon the California case of *Tischhauser v. Tischhauser*, 142 Cal.App.2d 252, 298 P.2d 551, (1956), as authority to support the order of the court directing the clerk and master to execute a deed on behalf of the Defendant. She quotes from the *Tischhauser* case as follows:

> In the instant controversy, the trial court had jurisdiction over both parties and because they both submitted their differences to it, the court properly disposed of all issues. In such situation, the court can require the parties to execute conveyance of real or movable property in a foreign state to insure a complete determination of the controversy in litigation. *Tomaier v. Tomaier*, 23 Cal.2d 754, 760, 146 P.2d 905. "Such a decree does not operate directly upon the property nor affect the title. The decree is made effectual through the coercion of the parties by directing some action on their part. . . . If the court has the power to order a party to convey land outside the state, it follows that upon his failure to do so the court has power to enforce its order by directing the clerk to execute the conveyance." *Chamberlain v. Wakefield*, 95 Cal.App.2d 280, 292, 213 P.2d 62, 69. This principle is recognized even in the cases cited by appellant as in the case of *Taylor [v. Taylor], supra,*

192 Cal. [71] at page 76, 218 P. 756, where the court declared that by means of its power over the parties, it may compel them to act in relation to property not within the jurisdiction of the court. *See Launer v. Griffen,* 60 Cal.App.2d 659, 666, 141 P.2d 236.

298 P.2d 551, at 553–554.

We are not prepared, however, to embrace the holding of the California court as controlling in this jurisdiction. We think the California case begs the question and is an attempt to do indirectly that which it cannot do directly. We also find it to be in conflict with the holding of our supreme court in *Clouse v. Clouse,* 185 Tenn. 666, 207 S.W.2d 576 (1948) where the court, speaking through Chief Justice Neil, said and quoted with approval as follows:

In a recent work on Conflict of Laws by Joseph H. Beale, Volume One, page 424, it is said:

"A refusal of the defendant to make a conveyance in obedience to a decree therefore *deprives the decree of any effect.* An appointment by the court of a master or committee to give a deed of the land after the defendant's refusal to do so, or in the absence of an order to him to do so, will not cure this defect. (Italics ours.)

"Since a court cannot affect the title to foreign land it will not construe a conveyance of such land."

Id. 207 S.W.2d at 580.

The decree or order of the trial court is reversed and the case is remanded for such other and further proceedings as the court deems appropriate. The cost of this appeal is taxed to the Appellee.

GODDARD and ANDERSON, JJ., concur.