# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

MONTEE H. CARRUTHERS JOHNSON,)
                                     )

    Plaintiff/Appellant,            )     Shelby Equity No. 104772

                                     )

**vs.**                                 )

                                 )     Appeal No. 02A01-9603-CH-00061

**NATHAN JOHNSON,**             )

                                 )

    Defendant/Appellee.         )

## APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

## THE HONORABLE D. J. ALISSANDRATOS, CHANCELLOR

For the Plaintiff/Appellant:       For the Defendant/Appellee:

James V. Ball                    Arthur Mayhall
Memphis, Tennessee         Harry Scruggs, Jr.
                           Memphis, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

This is a divorce case involving an Illinois decree. An Illinois court granted a divorce to the husband and awarded the marital residence in Tennessee to the husband. The Tennessee trial court enforced the Illinois court's award of property, and the wife appeals. Because the Illinois court did not have personal jurisdiction over the wife, we reverse and remand.

In May of 1993, Appellant Montee H. Carruthers Johnson ("Wife") and Appellee Nathan Johnson ("Husband") separated. Husband moved from the marital residence in Memphis, Tennessee, to Rock Island, Illinois. On December 7, 1993, Husband filed for divorce in Illinois. Process was served on Wife through the mail. She received process on December 17, and retained an attorney. Her attorney wrote a letter to Husband's attorney on January 15, 1994. On January 21, Wife's attorney received a fax from Husband's attorney. This fax stated that Wife had failed to enter an appearance in the Illinois court within thirty days of Husband's filing for divorce and that, consequently, Husband's attorney would set the matter for entry of judgment. Wife also received notice, dated January 17, 1994, of a hearing set for January 24, 1994. Wife never appeared in the Illinois court. The Illinois court entered a Judgment of Dissolution of Marriage on January 24. Among other things, the Illinois divorce decree awarded Husband the marital residence located at 1748 Valley Boulevard, Memphis, Tennessee. Wife and Husband had lived in the marital residence for several years prior to the divorce, and Wife was living in it at the time of the divorce.

In August of 1994, Wife was still living in the marital residence. Husband filed a detainer action in General Sessions Court in Memphis, Tennessee, in order to remove Wife from the marital residence. The General Sessions Court ruled in Husband's favor, ordering Wife to vacate the premises by September 30, 1994. Wife subsequently filed suit in Chancery Court, seeking an accounting, damages, a temporary restraining order, and a temporary and permanent injunction against Husband.

Husband filed a motion for summary judgment. In response, Wife filed an answer and an affidavit. In the affidavit, Wife testified that, after she married Husband, they lived in a house which was hers from a previous marriage.[1] The house that later became the marital residence had belonged to Husband before the marriage, but was encumbered by an outstanding mortgage and was in need of repair. Wife testified that the house was repaired and expanded. Wife and Husband moved into

---

[1]The Illinois court awarded this residence to Wife in the divorce decree.

the marital residence approximately six years after their marriage. According to Wife, both worked during the marriage, and both incomes paid the marital bills. She testified that the repairs and additions to the marital residence were financed through two loans in both Husband's and Wife's names as owners of the residence. In order to obtain the loans, Husband and Wife both signed an affidavit that they were the owners of the marital residence. Wife stated that she believed that Husband had deeded part of the residence to her, and only after the divorce did she learn that the marital residence was deeded solely in Husband's name.

The trial court granted Husband's motion for summary judgment. The trial court's order provided:

> [T]he Court finds that the Plaintiff [Wife] in this cause and Defendant [Husband] in the cause in Illinois had actual acknowledge [sic] of the existence, in accordance to her own complaint, of a complaint for divorce, that that matter was pursued to final adjudication, that she has slept on her rights and failed to avail herself of any remedies that were or still may be available to her under Illinois law proceedings, either trial Court level or the Appellate Court level in Illinois.
>
> Instead she has sought the relief from this Court from a valid final decree. She has further admitted to the validity of that decree in that her original complaint does not set to ask this Court to not enforce that final decree and hold it as void and not to grant full faith and credit. Instead she indicates to the contrary that it is a valid final decree and it should be enforced an [sic] is entitled to all full faith and credit for the purposes of dissolution of marriage, but she wishes to only seek limited relief from this Court.
>
> This Court finds that her dispute was proper in Illinois and that her remedies should be, if not already exhausted, either have been or presently are, in Illinois. Tennessee has no jurisdiction over this matter and the Motion for Summary Judgment should be granted.

Wife now appeals the trial court's order as to the Tennessee marital residence. There is no dispute as to the validity of the portion of the Illinois order granting Husband a divorce.

On appeal, Wife seeks a determination of whether Illinois has jurisdiction over the marital residence in Tennessee and whether Tennessee should give full faith and credit to the part of the Illinois divorce decree awarding that marital residence to Husband.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that

2

party, and discard all countervailing evidence. *Id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Id.*

Wife argues that the instant case is controlled by *Burton v. Burton*, 52 Tenn. App. 484, 376 S.W.2d 504 (1963). In *Burton*, this Court noted that "[t]he case of Toncray v. Toncray fixed the public policy of the State of Tennessee as limiting the right of a wife to recover alimony from a husband who had obtained a divorce on constructive service in another State to cases where Tennessee is or was the matrimonial domicile of the parties, and we do not feel justified in departing from the public policy so established." *Id.* at 510, 376 S.W.2d at 516; *see also Toncray v. Toncray*, 123 Tenn. 476, 131 S.W. 977 (1910). Wife argues that if a party obtains a divorce in another jurisdiction through constructive service, and Tennessee was the matrimonial domicile, then the party remaining in Tennessee may adjudicate in Tennessee matters related to marital property rights, even if those issues were addressed by the foreign decree. It must be noted however, that *Burton* involved a situation in which the foreign decree was based on constructive notice. In this case, Husband served Wife personally through the mail, and Wife admittedly had actual notice of the Illinois divorce proceedings. However, we must examine the jurisdiction of the Illinois court to adjudicate the disposition of the marital residence in Tennessee.

A court cannot adjudicate a non-resident's property rights in another state without having *in personam* jurisdiction. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945); *Baggett v. Baggett*, 541 S.W.2d 407, 409-10 (Tenn. 1976); *Fernandez v. Fernandez*, No. 85-194-II, 1986 WL 6842, at *2 (Tenn. App. June 18, 1986). Therefore, a court cannot, in a divorce decree, distribute the marital property of a non-resident party if that property is outside the state and the state does not have personal jurisdiction over that party. *See Clouse v. Clouse*, 185 Tenn. 666, 670-76, 207 S.W.2d 576, 578-80 (1948); *Cory v. Olmstead*, 154 Tenn. 513, 516-17, 290 S.W. 31, 32 (1926); *Gilliland v. Stanley*, No. 3258, 1997 WL 180587, at *2 (Tenn. App. Apr. 16, 1997). In order for a state to have personal jurisdiction over a non-resident party, the state must achieve service of process and must also have minimum contacts with

the individual. *See International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158; *Masada Investment Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985). Generally, these contacts must be such that the party "should reasonably anticipate being haled into court" in that state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980); *Masada*, 697 S.W.2d at 334. Therefore, in this case, if Illinois had not established personal jurisdiction over Wife, this Court is not required to give full faith and credit to that part of the Illinois decree which is void for lack of personal jurisdiction. *See* Tenn. Code Ann. §§ 26-6-101 *et seq.* (1980); *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 443-46 (Tenn. App. 1984).

In order to determine whether Illinois had personal jurisdiction over Wife, it is necessary to look to the jurisdictional statutes of that state. *See Fordjour v. Fordjour*, Shelby Equity No. 54, 1986 WL 5037, at *4 (Tenn. App. Apr. 29, 1986); *Four Seasons Gardening*, 688 S.W.2d at 444. The applicable Illinois statute is 735 Illinois Compiled Statutes § 5/2-209 (1997), which provides, in pertinent part:

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
>> (1) The transaction of any business within this State;
>> (2) The commission of a tortious act within this State;
>> (3) The ownership, use, or possession of any real estate situated in this State;
>> (4) Contracting to insure any person, property or risk located within this State at the time of contracting;
>> *(5) With respect to actions of dissolution of marriage, declaration of invalidity of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action;*
>> (6) With respect to actions brought under the Illinois Parentage Act of 1984, as now or hereafter amended, the performance of an act of sexual intercourse within this State during the possible period of conception;
>> (7) The making or performance of any contract or promise substantially connected with this State;
>> (8) The performance of sexual intercourse within this State which is claimed to have resulted in the conception of a child who resides in this State;
>> (9) The failure to support a child, spouse or former spouse who has continued to reside in this State since the person either formerly resided with them in this State or directed them to reside in this State;
>> (10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired;
>> (11) The breach of any fiduciary duty within this State;
>> (12) The performance of duties as a director or officer of a corporation organized under the laws of this State or having its principal place of business within this State;
>> (13) The ownership of an interest in any trust administered within this State;

or
            (14) The exercise of powers granted under the authority of this State as a
fiduciary.

            (b) A court may exercise jurisdiction in any action arising within or without
this State against any person who:

            (1) Is a natural person present within this State when served;
            (2) Is a natural person domiciled or resident within this State when the cause
of action arose, the action was commenced, or process was served;
            (3) Is a corporation organized under the laws of this State; or
            (4) Is a natural person or corporation doing business within this State.

            (c) A court may also exercise jurisdiction on any other basis now or hereafter
permitted by the Illinois Constitution and the Constitution of the United States.

(emphasis added). Under this statute, it is apparent that the Illinois court did not have personal jurisdiction over Wife. Other than having her attorney write a letter to Husband's attorney, Wife had no contact with Illinois. She put in no appearance in the divorce suit, not even to answer the complaint. The marital domicile was not located in Illinois, and Wife never committed in Illinois any of the acts which led to the divorce.

We must therefore conclude that the Illinois court did not have personal jurisdiction over Wife in order to distribute marital property in Tennessee in which Wife had an interest. Consequently, Tennessee courts are not required to give full faith and credit to the Illinois court's award of the marital residence to Husband. Wife's affidavit raises genuine issues of material fact regarding her property interest in the marital residence and the propriety of the Illinois court's award of that property to Husband. Therefore, we reverse the trial court's grant of summary judgment and remand for further proceedings.

We note that Tennessee has long recognized that a foreign divorce decree can be given full faith and credit to the extent that it dissolves a marital relationship without giving full comity to that part of the decree which violates the constitutional rights of one of the parties. *See Baggett*, 541 S.W.2d at 409-10; *Burton*, 52 Tenn. App. at 504-11, 376 S.W.2d at 514-17; *Toncray*, 123 Tenn. at 481-92, 131 S.W. at 978-80. Thus, on remand, the validity of the underlying divorce need not be addressed, only the issues raised by Wife regarding the marital property in Tennessee.

5

The decision of the trial court is reversed, and this matter is remanded for further proceedings consistent with this Opinion. Costs are adjudged against Appellee, for which execution may issue if necessary.

                                                        **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**ALAN E. HIGHERS, J.**

**DAVID R. FARMER, J.**

6