IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 13, 2004 Session

## WALTER MILLER, ET AL. v. STATE FARM INSURANCE COMPANY

A Direct Appeal from the Chancery Court for Shelby County
No. 03-2053     The Honorable D. J. Alissandratos, Chancellor

No. W2004-00480-COA-R3-CV - Filed December 17, 2004

Plaintiffs appeal an adverse judgment from the general sessions court to the circuit court for a trial *de novo* pursuant to T.C.A. § 27-5-108 (Supp. 2004). On motion of defendant, the circuit court transferred the case to the chancery court because a previous suit filed in the chancery court on the same cause of action was voluntarily dismissed by plaintiff. The chancery court granted defendant's motion to adopt the findings of the special master filed in the previous chancery court suit and then granted defendant's motion for summary judgment. Plaintiffs have appealed. We vacate and remand to the circuit court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

James E. Thomas of Memphis for Appellants, Walter Miller and Tarna Miller

Robert L. Moore and Dawn Davis Carson of Memphis for Defendant, State Farm Insurance Company

**OPINION**

On February 21, 2003, Tarna Miller and Walter Miller, individually and as guardians for Matthew Miller ("Plaintiffs"), filed suit in general sessions court against State Farm Insurance Corp. ("State Farm" or "Defendant"), seeking damages for "breach of contract in failure to pay claim for property damage, bad faith for failure to pay valid claim, compensatory and punitive damages for injury to Matthew Miller, and for wrongful reporting resulting in denial of insurance."

From an adverse judgment from the general sessions court, Plaintiffs, pursuant to T.C.A. § 27-5-108, appealed to the circuit court for a trial *de novo*.

On July 24, 2003, Defendant filed a motion in circuit court to transfer the case to the chancery court, Part III. The premise of this motion was that, on May 22, 1996, Plaintiffs filed a complaint in chancery court for the same cause of action based in the general sessions complaint and demanded a jury in the chancery court case. The chancery court case was dismissed by order of dismissal without prejudice entered February 22, 2002. The circuit court granted the motion to transfer the case to the chancery court, pursuant to its local rules.

Prior to the dismissal of the original chancery court case, the trial court appointed a special master "to make an investigation including a review of the pleadings filed in this matter and an inspection of the pool house structure and following such inspection the special master is to make recommendations to the court concerning whether the pool house structure was properly constructed." On May 24, 2001, the special master filed a report which provides in pertinent part:

> The Special Master reviewed all documents including submission statements from each attorney; exhibits; affidavits of witnesses; and the deposition of Bryan H. Stephens, Jr., P.E., a witness of the Defendant. An attempt by all parties to settle this case failed.
>
> On Thursday, March 29, 2001, an inspection and hearing were held at the house of the Plaintiffs. After the inspection of the Pool House, arguments were heard by the parties' attorneys and witnesses were sworn in and testified. The attorneys elected not to have a court reporter at the hearing.
>
> FINDINGS AND RECOMMENDATIONS
>
> 1. It is the findings of the Special Master that the Plaintiffs failed to prove their allegations and that no contractual liabilities could be charged to the Defendant.
>
> 2. No attorney fees are to be awarded and all court cost, including the Special Master's fee, is to be divided equally between the Plaintiffs and the Defendant.
>
> 3. In conclusion, the Special Master agrees with the Defendant's witness, Bryan Stephens, P.E., that the Pool House extension was "poorly constructed, with poor structural integrity."
>
> 4. The design, workmanship and construction of the rafters, ceiling joists and stud walls, and their connections, are below acceptable standards.

Subsequently, Defendant, in the chancery court, moved for adoption of the Master's report and for a summary judgment. On January 14, 2004, the chancery court filed its order adopting the Special Master's ruling in the previously dismissed case and granted summary judgment to Defendant. Plaintiffs have appealed and present one issue for review: "Is there a material issue of disputed fact presented by the record which precludes the grant of summary judgment to defendant."

This case presents a good example of why it is best to first determine whether a case should be disposed of on its merits rather than try a shortcut method, which might ultimately result in prolonging the action. Rule 13 (b), Tenn.R.App.P. provides that the appellate court may, in exercising its discretion, consider issues other than that presented by the appellant.[1]

First, we look at the case appealed from the general sessions court to the circuit court. T.C.A. § 27-5-108 (Supp. 2004) allows an appeal by any party from an adverse decision of the general sessions court to the circuit court of the county and specifically provides: "Any appeal shall be heard de novo in the circuit court." T.C.A. § 27-5-108 (c) (Supp. 2004). The appeal in this case was duly made to the circuit court. However, on motion of Defendant, the case was transferred to the chancery court apparently under the provisions of Rule 4(e), Rules of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County. The rule provides:

> (e) Whenever any case has been assigned to or tried before any Judge of the court, and comes on for a trial or retrial as the result of a non-suit, mistrial, reversal, setting aside of a verdict, or dismissal on some ground not going to the merits, then such case shall be assigned for any subsequent trial or trial to the division of the court presided over by the Judge before whom the case was previously pending, unless good cause be shown to the contrary.

It is noted that the rule provides for transfer to another division of circuit court, not to a jurisdiction outside of circuit court.

We also note that the statute allowing for appeals from general sessions court specifically provides that the appeal is to the circuit court for a trial *de novo*. Under T.C.A. § 27-5-108, the chancery court has no subject matter jurisdiction to hear an appeal from general sessions court. *See Graves v. Kraft General Foods*, 45 S.W.3d 584 (Tenn. Ct. App. 2000).

In the instant case, Defendant is seeking to have the general sessions appeal decided by the chancery court. It is a well settled principle of law that one cannot do indirectly what cannot be done

---

[1] **Consideration of Issues Not Presented for Review.** Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process.

directly. ***See, i.e., Scott v. McReynolds***, 255 S.W.2d 401, 406 (Tenn. Ct. App. 1952) and ***Roberts v. Roberts***, 767 S.W.2d 646, 649 (Tenn. Ct. App. 1988).

Moreover, considering the use of the Master's report filed in the previous chancery court case presents several problems. First, it is undisputed that there had been no judgment of the chancery court prior to its dismissal of the case by final judgment. Secondly, the reference to the master in the first chancery court case was a reference in a jury case. In 4 MacLean, Bonnyman and Brandt, Tennessee Practice Civil Procedure Forms § 53:8 (3rd ed. 2000), it is stated:

### 53:8 Effect of Report in Jury Action

> The findings of a master in a jury action are not conclusive. Tenn. R. Civ. P. 53.04(3) states that the findings of a master are admissible as evidence of the matters found, but the parties may present to the jury any evidence in addition to the master's report, cross-examine the master upon the record, and object to the report on points of law.

Third, the reference to the master by the trial court constituted the main issue to be adjudicated. Concerning references to the master, ***Frazier v. Bridgestone/Firestone, Inc.***, 67 S.W.3d 782, 784 (Tenn.Sp. Workers Comp. 2001) states:

> By Tenn. R. Civ. P. 53, a court may submit any matter to a special master. Case law, however, both before and after the 1971 adoption of Rule 53, supports the employer's contention that such referrals are limited to collateral, subordinate, and incidental issues and the ascertainment of ancillary facts, while the main issues in controlversy and the principles on which these issues are to be adjudicated ***must*** be determined by the trial court. ***Ingram v. Stein***, 23 Tenn. App. 105, 126 S.W.2d 891, 892 (1938); see also ***Archer v. Archer***, 907 S.W.2d 412, 415 (Tenn. Ct. App. 1995), (citing ***Ingram***).

(Emphasis added).

The report of the master in the instant case is a "statement of legal conclusions, and it contains very few findings of fact." ***Archer***, 907 S.W.2d at 416. That leads us to the principal issue stated in the appellant's brief.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. ***Bain v. Wells***, 936 S.W.2d 618, 622

(Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

The record before us reflects that Plaintiffs, in opposition to the motion for summary judgment, relied upon the deposition of James Toles, who testified as an expert consulting engineer contrary to the deposition testimony of Defendant's expert. Under these circumstances, there is a genuine dispute as to material facts, and summary judgment is not appropriate.

Accordingly, for the above reasons, the order of the chancery court granting summary judgment is vacated, and the order of the circuit court transferring the case to chancery court is vacated, and the case is remanded to the circuit court for further proceedings in a trial *de novo* as provided by statute. Costs of this appeal are assessed to the Appellee, State Farm Insurance Company.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.